## MITCHELL *v.* GREWAL.

### SAME *v.* HOFWEBER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.

A question as to the constitutionality of an ordinance or statute, other than one which goes directly to the jurisdiction of the court, cannot be raised for the first time on appeal.

2. MUNICIPAL CORPORATIONS—ZONING—ORDINANCES—HARDSHIP—EXCEPTIONS.

Undue hardship or practical difficulty in complying with zoning ordinance need not be shown in order to obtain review by municipal board of zoning appeals, where zoning ordinance specifically provides for special exceptions in addition to variations and modifications, such exceptions being distinct from variations and modifications and authorized by statute (CL 1948, § 125.583a; Detroit Zoning Ordinance No 171–D, § 20.7).

---

REFERENCES FOR POINTS IN HEADNOTES (See, also, next page)

[1] 3 Am Jur, Appeal and Error §§ 820, 830, 837, 838.
[2–5, 7–12] 58 Am Jur, Zoning § 194 *et seq.*
[2–5, 7–12] Creation by statute or ordinance of restricted residence districts within municipality from which business buildings or multiple residences are excluded. 19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659; 117 ALR 1117.
Right to resume nonconforming use after period of nonuse or of a different use from that in effect at or before the time of zoning. 114 ALR 991; 18 ALR2d 725.

3. SAME—ZONING—EXCEPTIONS—VARIANCES—STATUTES.

The legislative body of a city is authorized to provide by zoning ordinance for the resumption, restoration, reconstruction, extension or substitutions of nonconforming uses or structures upon terms and conditions contained in the ordinance, thereby providing for exceptions distinct from power of boards of zoning appeals to grant variances where there are unnecessary hardships or practical difficulties; the power to grant variances being contained elsewhere in the enabling act (CL 1948, §§ 125.583a. 125.585[d]).

4. SAME—ZONING—EXCEPTIONS—ORDINANCES—VARIANCES.

Conditions for an exception to a municipal zoning ordinance must be found within the ordinance itself and may not be varied but a variance in disregard of a literal enforcement of the ordinance may be permitted through an appeal from an administrative order.

5. SAME—BOARD OF ZONING APPEALS—EXCEPTIONS—HARDSHIP—STATUTES—ORDINANCES.

The municipal board of zoning appeals need not find that unnecessary hardship or practical difficulties exist as a prerequisite of granting a permit to the extension of a nonconforming building, structure or use, where neither the enabling statute nor zoning ordinance provide for such condition to the granting of a permit under the circumstances (CL 1948, §§ 125.583a, 125.585[d]; Detroit Zoning Ordinance No 171-D, § 20.7).

6. SAME—CONSTRUCTION OF AN ORDINANCE.

All provisions of an ordinance must be construed so as to give meaning to each provision.

---

Validity and construction of zoning or building ordinance prohibiting or regulating subsequent alteration, addition, extension, or substitution of existing buildings. 64 ALR 920.

Attack upon validity of zoning statute or ordinance as affected by provisions for variations, permits, et cetera. 136 ALR 1378.

Constitutionality of variation provisions of zoning statutes or ordinances. 86 ALR 714.

Construction and application of provisions authorizing variations in application of, and special exceptions to, zoning regulations. 168 ALR 13.

Discretion of board as to changes, after adoption of zoning regulations, in respect of nonconforming existing use. 147 ALR 167.

Nature and extent of relief that may be granted where structure which does not violate zoning regulations is put to use that does. 140 ALR 1374.

[6] 37 Am Jur, Municipal Corporations § 187.

7. SAME—ZONING—CONSTRUCTION OF ORDINANCE—BOARD OF ZONING APPEALS—EXCEPTIONS—NONCONFORMNG USES.

Provision of municipal zoning ordinance authorizing board of zoning appeals to permit an increase in the number of dwelling units in a multiple dwelling existing in 2 designated restricted residential zones does not prevent the issuance of a building permit to increase number of dwelling units in a nonconforming building in a zone other than in the designated zones pursuant to section authorizing board to grant special exceptions subject to certain limitations in addition to its power to allow proper variations and modifications (Detroit Zoning Ordinance No 171–D, §§ 3.6, 20.7).

8. SAME—ZONING—WAIVER—STATUTES—ORDINANCES—HOUSING LAW.

A municipal board of zoning appeals is not empowered to waive provisions of any other statute, ordinance, rule, or regulation than as authorized by the zoning ordinance and its enabling act, hence, where expressly stated that it did not intend to waive provisions of any other statute, ordinance, rule, or regulation, an owner who violates the housing law acts at his peril (CL 1948, § 125.401 *et seq.;* Detroit Zoning Ordinance No 171–D, § 20.7).

9. SAME—COURTS—BOARD OF ZONING APPEALS—DISCRETION—FINDING OF FACTS.

Neither the circuit nor Supreme Court may substitute its discretion for that of a municipal board of zoning appeals established under an ordinance setting forth that the decision of the board in matters involving its discretion or finding of facts should be final (Detroit Zoning Ordinance No 171–D, § 20.7).

10. SAME—BOARD OF ZONING APPEALS—FINALITY OF ORDERS—FRAUD —BAD FAITH.

An order of a municipal board of zoning appeals which has been given immediate effect must be held to be final in the absence of fraud or bad faith (CL 1948, § 125.585[d]).

11. SAME—BOARD OF ZONING APPEALS—DISCRETION—COURTS.

Trial judge correctly refused to substitute his discretion for that of municipal board of zoning appeals in making an order involving an exercise of its discretion and then giving it immediate effect, where there was no evidence of fraud or bad faith in the making of the order (CL 1948, § 125.585[d]; Detroit Zoning Ordinance No 171–D, § 20.7).

12. SAME—BOARD OF ZONING APPEALS—DISCRETION—FINDING OF FACTS—COURTS.

> The fact that trial and appellate courts might, on the same facts, arrive at different results than a municipal board of zoning appeals would not necessarily make the board's action erroneous, a different result being imposed by a court only where it is clear the board has exceeded its jurisdictional limitations or abused the discretion lodged in it by statute or ordinance (CL 1948, §§ 125.583a, 125.585[d]; Detroit Zoning Ordinance No 171–D, § 20.7).

Appeals from Wayne; Toms (Robert M.), J. Submitted June 9, 1953. (Docket Nos. 61, 62, Calendar Nos. 45,812, 45,813.) Decided November 27, 1953. Rehearing denied January 14, 1954.

Separate bills by William A. Mitchell and others against Sarwan S. Grewal and others and against Katherine Hofweber and others to restrain alteration of apartment buildings. Cases tried together. Decrees for defendants. Plaintiffs appeal. Affirmed.

*G. Leslie Field (Carl B. Grawn,* of counsel), for plaintiffs.

*Miller, Canfield, Paddock & Stone,* also of counsel for plaintiff on application for rehearing.

*Clark, Klein, Brucker & Waples, Paul T. Dwyer,* Corporation Counsel, and *Arthur L. Barkey,* Assistant Corporation Counsel, for defendants.

BUSHNELL, J. These cases, which were consolidated for trial and submitted here on 1 record, involve substantially identical adjacent apartment buildings under separate ownerships. They are located on the south side of Seward avenue in the city of Detroit between Twelfth and Woodrow Wilson streets. Each building is 3 stories in height, with basement, and one contains 31 and the other 33 apartments.

Being desirous of increasing the number of units in each to 77, applications were separately made by defendant owners to the department of buildings and safety engineering for permits for alterations thereof, in accordance with submitted plans. Permits were refused because of nonconformity to the zoning ordinance (No 171–D, as amended) of the city of Detroit. The department gave as the reason for its refusals a deficiency in side yards and lot area per room. The owners sought reversal of the orders of the department by applications to the board of zoning appeals, which, after a hearing, denied the petitions on April 22, 1952. Under its rules a member of the board may notify the secretary within 2 days after hearing that he proposes to move for reconsideration. Such notice was given by board member McBrearty. Following reconsideration on May 27th, an order was entered, 1 member dissenting, which embodied findings adverse to the determination of the department of buildings and safety engineering. These findings are summarized as follows:

"(1) The buildings are in an RM4 district (multiple dwellings) and are used in conformance with regulations governing such a classification.

"(2) The proposed conversion of the top 3 floors would not be detrimental to contiguous property or injurious to the neighborhood.

"(3) The conversion of the basement areas shall include no more than 6 apartments, instead of 17 as planned.

"(4) That the order of the board be given immediate effect.

"(5) That deficient yards are common in the district.

"(6) That many protesting property owners were heard at the hearing.

"(7) That field inspections of the premises were made and reports given to the board at the hearing."

The owners were given permission to convert their buildings into 66 apartments, each including not more than 6 in the basement, subject to the following conditions:

"(1) That the owners provide off-the-street parking at least 40 by 100 feet, and within 500 feet of the property for the use of occupants of both buildings;

"(2) That the owners be permitted to apply for building permits and to proceed with the proposed alterations subject to the specified limitations, within 6 months."

Building permits were then issued by the department and plaintiffs herein, who are the owners of other apartment buildings in the immediate vicinity, filed suits to restrain the defendants from proceeding with the proposed conversion of their buildings. After taking testimony, the trial judge held that the board of zoning appeals did not act capriciously, fraudulently, or beyond its lawful discretion. In concluding his written opinion the trial judge stated:

"The proposed alterations under the permit issued do not violate either the State housing law or the ordinances of the city of Detroit. If they do in the end, the owners act at their peril and the building and housing codes can be implemented by proper complaint and prosecution."

Plaintiffs have appealed from a decree dismissing their bill of complaint.

In their briefs the appellants raise, for the first time, the question of constitutionality of that part of the statute, PA 1921, No 207, as amended by PA 1941, No 306 (CL 1948, § 125.585[d] [Stat Ann 1949 Rev § 5.2935 (d)]) and the Detroit zoning ordinance (No 171–D, § 20.7), which delegates and purports to confer on boards of zoning appeals authority to vary or modify the strict terms of the zoning ordinance where there are practical difficulties or unnecessary

hardships. In replying to this argument, appellees say that the constitutional question is not presented by the pleadings, was not considered by the trial court, nor is it raised in the reasons and grounds for appeal, and therefore such issue should not be considered. A constitutional question, other than one which goes directly to the jurisdiction of the court, cannot be raised for the first time on appeal. *Jesiek* v. *Banfield,* 286 Mich 440, 443; and *Kruger* v. *Agnor,* 321 Mich 131, 138.

Appellants argue that a showing or claim of "undue hardship or practical difficulty" must first be made as a prerequisite to review by the board of zoning appeals. This position is not tenable, because the ordinance specifically provides for special exceptions in addition to variations and modifications. (See section 20.7.) Special exceptions are distinct from variations and modifications. The statute (CL 1948, § 125.583a [Stat Ann 1949 Rev § 5.2933(1)]), provides that:

"The legislative body may in its discretion provide by ordinance for the resumption, restoration, reconstruction, extension or substitutions of nonconforming uses or structures upon such terms and conditions as may be provided in the ordinance."

Under this provision it is permissive for local legislative bodies to set up ordinances containing provisions for special exceptions which may be distinct from the power of boards of zoning appeals to grant variances where there are unnecessary hardships or practical difficulties. Furthermore, the power to grant variances is contained in a separate section of the State enabling act (CL 1948, § 125.585 [d] [Stat Ann 1949 Rev § 5.2935 (d)]), which reads:

"Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of appeals shall

have power in passing upon appeals to vary or modify any of its rules, regulations or provisions relating to the construction, structural changes in equipment, or alteration of buildings or structures, or the use of land, buildings or structures, so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done."

In this connection the following textual statement appears in 168 ALR 20:

"In practice sharp distinctions between exceptions and variances may not in all cases be readily made, but the approach to the former as a legislative process and to the latter through appeals from administrative orders as a judicial function will generally serve to avoid an overreaching of a variance into the field of exceptions. A literal enforcement of the ordinance may be disregarded to permit a variance, while the conditions for an exception must be found in the ordinance and may not be varied."

See *Stone* v. *Cray* (1938), 89 NH 483 (200 A 517), and other authorities annotated thereunder.

The buildings here involved, due to their deficient side yards and lot areas per room, are nonconforming structures situated in a district (RM4) which is zoned for multiple dwellings. Section 20.7 of the zoning ordinance provides:

"The board shall have power in addition to other proper variations and modifications, to grant the following special exceptions after public notice and hearing, provided that after investigation the board ascertains the conditions involved in the proposed exception conform to the limitations and restrictions specified for each such exception as listed in the following paragraphs: * * *

"(f) Permit an increase in height of a nonconforming building or structure existing at the effective date of this ordinance, or an enlargement or extension of such a nonconforming building, struc-

ture or use upon land partially occupied by such existing nonconforming building, structure or use at the effective date of this ordinance, subject to such conditions and protections as will safeguard the character of contiguous property and the surrounding neighborhood, provided that the spirit of this ordinance shall be observed, public safety secured and substantial justice done."

The buildings were in existence at the time of the effective date of the zoning ordinance of the city of Detroit, which was December 25, 1940.

The general rule in such circumstances is stated as follows:

" 'Exceptions' permitted by some zoning ordinances differ from authority to vary the application of zoning provisions, in that an exception is allowable where facts and conditions detailed in the ordinance are found to exist; a literal enforcement of the ordinance may be disregarded to permit a variance, while the conditions for an exception must be found in the ordinance and may not be varied. Provisions of zoning regulations for the granting of variances or special exceptions to permit specific uses or structures, and provisions for the granting of variances generally, have in some instances been held to be separate and independent, so that the former provisions do not preclude the granting of relief under the latter provisions, but there are some cases in which a different result has been reached." 58 Am Jur, § 196, p 1047.

It therefore follows that where the facts come within the specific exceptions of section 20.7 of the ordinance, the board of zoning appeals need not find that unnecessary hardship or practical difficulties exist as a prerequisite to the granting of a permit, if those facts come within 1 of the specific exceptions stated in the ordinance, and if those exceptions are authorized by the zoning enabling statute, *supra.*

In the argument of this appeal, appellants urged that section 3.6 of the Detroit zoning ordinance nullifies the provisions of section 20.7(f), in that section 3.6 states that nothing in the ordinance shall prohibit—

"the alteration, improvement or rehabilitation of a nonconforming building or structure existing at the effective date of this ordinance provided such work does not involve any change in use or increase in height, area, bulk or number of dwelling units, except that the board may, after public hearing, permit an increase in the number of dwelling units in a multiple dwelling existing in an R1 or R2 district at the effective date of this ordinance, subject to the following conditions and limitations."

Appellees, on the other hand, argued that section 3.6 of the ordinance supports their position, because it must be assumed that the board has at least as much power in an RM4 multiple dwelling district as in an R1 or R2 district.

Section 3.6 was enacted to point out the effect of the zoning ordinance itself, independent of any consideration by the board of zoning appeals, and the board was given the power under section 20.7 to exercise the judgment required in matters mentioned in section 3.6. If section 20.7 is to be limited by section 3.6, then the latter is a useless statement. We therefore hold that section 3.6 does not prevent the issuance of a permit under the provisions of section 20.7.

It is insisted that on their face the plans show that the proposed alterations violate the housing law of Michigan (CL 1948, § 125.401 *et seq.* [Stat Ann 1949 Rev § 5.2771 *et seq.*]). Under CL 1948, § 125.-409 (Stat Ann 1949 Rev § 5.2779), the State board of health is given power to "examine into the enforcement of this act." The board of zoning appeals, in its

order expressly stated that the granting of a permit would only authorize a variance or exception of the regulations of the zoning ordinance and is not intended to waive provisions of any other existing statute, ordinance, rule, or regulation. The opinion of the trial judge clearly pointed out that, in any event, the owners act at their peril, and if they violate the law, they may be called to account "by proper complaint and prosecution." The board of zoning appeals has no jurisdiction to enforce the housing law of Michigan and has not waived any variations therefrom; on the other hand, has expressly denied such waiver.

We are asked to consider whether the board of zoning appeals has abused its discretion in the premises, and it is argued that its determination will lead to the creation of a slum area, contrary to the intent and spirit of the ordinance. This may or may not be the result, but neither the trial court nor this Court is at liberty to substitute its discretion for that of the board. The ordinance at section 20.7 states:

"The decision of the board in these and all other matters heard by it shall be final insofar as it involves discretion or the finding of facts."

The Detroit zoning ordinance was enacted prior to the 1941 amendment of the State enabling act. In that amendatory legislation (see PA 1941, No 306) similar language to that of the ordinance was deleted. The act, however, now provides:

"The decision of such board shall not become final until the expiration of 5 days from the date of entry of such order unless the board shall find the immediate effect of such order is necessary for the preservation of property or personal rights and shall so certify on the record." CL 1948, § 125.585(d) (Stat Ann 1949 Rev § 5.2935[d]).

Immediate effect was given to the order of the board, and that order must be held to be final in the absence of fraud or bad faith. No evidence of this nature was adduced. The trial judge was correct in refusing to substitute his discretion for that of the board.

Appellants urge that decision in *Jones* v. *DeVries*, 326 Mich 126, is controlling. In that case we held that courts have the right to review decisions of boards of zoning appeals when appeal therefrom is taken timely. However, that case differs in many factual respects from the instant case. It was a situation where the board exceeded the limits of its discretion and authorized the erection of new multiple dwelling structures on lands in an area where that type of structure was not permitted. Neither the question of alteration of a nonconforming use structure nor the immediate effect of the board's order was involved in the *Jones Case*.

In the argument in support of the proposition that a determination of unnecessary hardship or practical difficulty is a jurisdictional prerequisite to action by the board, reliance is placed upon authorities from other jurisdictions where the statutes and ordinances differ from those applicable in this State. Here, exceptions are permitted, separate and apart from the existence of practical difficulties or unnecessary hardships.

It does not follow that, because trial and appellate courts might, on the same facts, arrive at different results, that the action of a board of zoning appeals is erroneous. A different result can only be imposed where it is clear that the board of zoning appeals exceeded its jurisdictional limitations or abused the discretion lodged in it by statute and ordinance. We find here no abuse of discretion, nor do we discern any capricious or arbitrary action. Appellants there-

fore must be denied relief, and the decree of the trial court affirmed.   Costs to appellees.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.