## LAFAYETTE MARKET AND SALES COMPANY v CITY OF DETROIT

1. ADMINISTRATIVE LAW—APPEAL AND ERROR—EVIDENCE—CONSTITU-
TIONAL LAW.

   A trial court cannot constitutionally substitute its judgment of
   the evidence for that of an administrative agency but must
   determine whether an order of the agency is supported by
   competent, material and substantial evidence on the whole
   record (Const 1963, art 6, § 28).

2. ZONING—ADMINISTRATIVE LAW—APPEAL AND ERROR—CONSTITU-
TIONAL LAW.

   A trial judge's finding that the only competent and credible
   evidence indicates that expansion of plaintiff's store would not
   be injurious to the contiguous or surrounding property, would
   not be detrimental to the neighborhood, and would not affect
   neighborhood adversely, in an appeal from a denial by a zoning
   board of appeals of an application for expansion of a noncon-
   forming use, violated the constitutional standard of review of
   administrative decisions because it was not a determination
   that the order of the board was not supported by competent,
   material and substantial evidence on the whole record, but a
   substitution of the trial court's judgment of the evidence for
   that of the board (Const 1963, art 6, § 28).

3. ADMINISTRATIVE LAW—DISCRETION—BURDEN OF PROOF.

   One seeking the exercise of administrative discretion bears the
   burden of establishing on the record facts which demonstrate
   that the discretion should be exercised in his favor.

Appeal from Wayne, Michael L. Stacey, J. Sub-
mitted Division 1 January 14, 1972, at Lansing.
(Docket No. 12837.) Decided September 27, 1972.

Complaint by Lafayette Market & Sales Com-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 2 Am Jur 2d, Administrative Law § 691.

pany against the City of Detroit and its Board of Zoning Appeals for a writ of superintending control to compel issuance of a building permit. Order issued to grant permit. Defendants appeal. Reversed and remanded for dismissal of complaint.

*William J. McBrearty,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendants.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

QUINN, P. J. Prior to the enactment of the Detroit zoning ordinance in 1940, plaintiff owned and operated a store at 6200 West Lafayette Boulevard. After zoning, the store was in a residential two-family district (R-2) and constituted a non-conforming use. It so remains.

In 1970, plaintiff desired to enlarge the store by adding a second story to it for the purpose of additional storage space. Plaintiff applied to the city building department for a permit to construct the addition. The permit was denied because "permission of the board is required to increase the bulk and area of an existing non-conforming building, and because this use would not be permitted in this district and would be considered a B-2 use in an R-2 district". Plaintiff then petitioned the board of zoning appeals for permission to construct the addition. Section 56.0000 of the zoning ordinance provides:

"In a non-conforming building or structure occupied by a non-conforming use, no enlargements shall be made except those required by law or ordinance, unless

the use of the building or structure is made to conform with the use regulations of the district in which it is located; however, nothing in this Ordinance shall prevent necessary repairs or interior alterations to such structures. Provided, that the Board may modify the provisions of this section if it finds, after public hearing, that said modification will be non-injurious to the contiguous or surrounding property and not detrimental to the neighborhood. The Board may impose any limitations or conditions, it deems necessary to carry out the intent, spirit and purpose of this Ordinance."

After a public hearing on December 15, 1970, the board of zoning appeals entered its order December 18, 1970, denying plaintiff's petition, finding:

"From the testimony, the board finds that they cannot make the required findings that this enlargement would not be injurious to the contiguous or surrounding property and would not be detrimental to the neighborhood, as required under Section 56.0000, of the zoning ordinance."

Plaintiff filed its complaint for superintending control in circuit court together with an order to show cause to compel defendants to issue the required building permit. March 17, 1971, the trial court remanded the case to the board of zoning appeals for immediate rehearing. A rehearing was held May 11, 1971, and by order dated July 9, 1971, the board again denied the petition for the reason stated in the order of December 18, 1970.[1]

Rehearing on the complaint for superintending control was then had in circuit court. By a judgment dated October 8, 1971, the trial court found:

---

[1] The additional language, "that petitioner has not proven hardship, as required under Section 62.0403, of the zoning ordinance", in the order of July 9, 1971 is not pertinent. Section 62.0403 deals with variances. The controversy in this case is over extension of a nonconforming use and is controlled by section 56.0000.

"1. That the board, indeed, had the jurisdiction to grant plaintiff's request.

"2. That the only competent and credible testimony indicates that the expansion would not be injurious to the contiguous or surrounding property; would not be detrimental to the neighborhood, and would not affect the neighborhood adversely.

"3. That the only reasonable use of the property is a continuance of its present use.

"4. That denial of plaintiff's request was an unreasonable exercise of the power vested in the board, which abused its discretion."

The trial court ordered issuance of the building permit. Defendants appeal.

The standard for judicial review of the action of administrative agencies is set forth in Const 1963, art 6, § 28:

"This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

Applying that standard to the judgment of the trial court, the latter correctly found that the board of zoning appeals had jurisdiction to grant plaintiff's request.

Finding 2, *supra,* violates the constitutional standard. It represents a substitution of the trial court's judgment of the evidence for that of the administrative agency. It is not a determination that the order of the agency is not supported by competent, material and substantial evidence on the whole record. This impermissible finding on 2, *supra,* is the only basis for finding 4, *supra,* and we reverse.

This pronouncement does not terminate our consideration, however. We note the language of the ordinance, "the board may modify the provisions of this section if it finds, after public hearings, that said modification will be non-injurious to the contiguous or surrounding property and not detrimental to the neighborhood". This grants the board discretion to act if it makes the required finding. The one seeking the exercise of that discretion bears the burden of establishing on the record facts which demonstrate that the required finding should be made. In this case, the board made the negative finding that plaintiff had not met that burden.

Applying the constitutional standard on judicial review of this finding, the inquiry is, is there competent, material and substantial evidence on the whole record to support it? On review of the record, we find ourselves in somewhat the same position as did the board of zoning appeals. Due to the conflict of testimony on the issue of the proposed modification being non-injurious and detrimental, we are not able to say it is not.

Reversed and remanded for dismissal of the complaint for superintending control but without costs.

All concurred.