### FESSENDEN v ROADWAY EXPRESS

1. NEGLIGENCE—WILFUL OR WANTON MISCONDUCT—THEORY OF RECOVERY.

The theory of recovery for wilful and wanton misconduct differs from that for either ordinary negligence or gross negligence: a party is guilty of more than negligence if he wilfully injures another, or if his conduct is so wanton or reckless that it amounts to the same thing; the act is characterized by wilfulness, rather than by inadvertence, it transcends negligence, is different in kind.

2. TRIAL—DIRECTED VERDICT.

Great restraint should be used in granting a directed verdict which thereby denies a determination by the jury but a directed verdict is proper where, even though the evidence is considered in a light most favorable to the plaintiff, there is simply not a sufficient factual basis upon which the jury could have found defendants guilty of the wilful and wanton misconduct alleged.

3. AUTOMOBILES—DIRECTED VERDICT—QUESTIONS OF FACT.

A directed verdict for defendant was improperly granted in an automobile accident case in which the theory of recovery was that of the doctrine of subsequent negligence, commonly known as the doctrine of "last clear chance," where there was a proper evidentiary basis from which a jury could have determined that the plaintiff's fault ceased prior to being struck by the defendant, and there was also a sufficient evidentiary basis from which the jury could have found that the defendant was negligent in the operation of his automobile.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 102–105.
[2] 53 Am Jur, Trial §§ 296, 332 et seq.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 376–379.
   57 Am Jur 2d, Negligence §§ 402, 403, 407.
   53 Am Jur, Trial §§ 231, 332 et seq.
   Doctrine of last clear chance. 171 ALR 365.
[4] 53 Am Jur, Trial §§ 296, 340, 348, 350, 362, 385, 394.
[5] 5 Am Jur 2d, Appeal and Error §§ 819, 844.

4. AUTOMOBILES—DIRECTED VERDICT—PARTIES—EVIDENCE—REASONA-
  BLE INFERENCES.
    In an automobile accident case involving two alleged tortfeasors a
    verdict should be directed in favor of the second tortfeasor,
    where the plaintiff failed to prove that any portion of the
    damages flowed from the second collision; the jury may not
    speculate as to whether plaintiff's injuries resulted in any part
    from the second tortfeasor's negligence, and plaintiff has the
    duty to offer at least sufficient evidence from which the jury
    could reasonably infer that some damage flowed from the
    second tortfeasor's negligence.

5. APPEAL AND ERROR.
    The fact that a court reached the right conclusion for the wrong
    reasons does not affect the outcome of the case on appeal.

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 March 12, 1973, at Lansing.
(Docket No. 12176.) Decided April 23, 1973. Leave
to appeal denied, 390 Mich 780.

Complaint by Barbara J. Fessenden, administra-
trix of the estate of Richard J. Fessenden, de-
ceased, against Roadway Express, Raymond L.
Hall, Shirley Johnson, and John Johnson, for dam-
ages for wilful and wanton misconduct. Judgment
for defendants. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Alexander, Buchanan & Seavitt* (by *G. Cameron
Buchanan* and *James H. Finney*), for defendants
Roadway Express and Hall.

Before: QUINN, P. J., and BRONSON and VAN
VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiff's decedent, along
with a companion, were killed in an automobile
accident involving two other motor vehicles. Plain-
tiff's entire case, aside from the question of dam-

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ages, was presented through the depositions of defendants Raymond Hall and John Johnson. Hall indicated that he was driving a truck owned by defendant Roadway Express in a southerly direction on US-127, south of Jackson, Michigan, on the date in question, March 11, 1967. It was about 5 a.m. with visibility being hampered by intermittent patches of fog. Hall observed decedent's automobile approaching from the south at a high rate of speed, estimated to be from 70 to 75 miles per hour. Decedent's automobile was to the left of the centerline of the road and therefore was in Hall's lane. Hall reduced the speed of the truck, blinked his lights and sounded his horn; however, his efforts were to no avail. Decedent's automobile continued to keep to the left of the centerline. Hall attempted to move to the left and thereby avert the collision, but he was unsuccessful and the right front portion of the truck collided with decedent's automobile. When Hall exited from the truck, he observed that decedent's automobile was blocking the southbound lane.

Defendant John Johnson was also traveling in a southerly direction. Although the weather was very damp and foggy and he was unable to see much more than one car length in front of him, Johnson was proceeding at a speed of 40 to 45 miles per hour. Johnson was suddenly confronted with decedent's automobile sitting crossways of his lane with no lights on. Johnson first observed decedent's automobile at a distance of about one car length. Johnson's attempt to swing around the automobile met with no more success than had Hall's similar attempt; the right front fender of Johnson's automobile contacting decedent's automobile driving it off the road onto the shoulder.

Plaintiff admitted that decedent was contributo-

rily negligent in causing the collision with Hall, but she asserted that Hall was guilty of wilful and wanton misconduct in failing to take steps to avoid the accident. After the above outlined proofs were presented and in response to a proper motion, the trial court directed a verdict of no cause of action as to defendants Hall and Roadway Express on the ground that no reasonable minds could conclude that these defendants were guilty of wilful or wanton misconduct.

The theory of recovery for wilful and wanton misconduct differs from that for either ordinary negligence or gross negligence. As stated in *Gibbard v Cursan,* 225 Mich 311, 320–321 (1923):

"If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind. Where recovery is sought on the theory that the injury was caused by wilful, wanton or reckless misconduct of a defendant, as distinguished from negligence, there is no more reason for permitting the defense of contributory negligence than in a case of assault and battery. True, such misconduct in this State and elsewhere usually has been called negligence, the word being qualified by such adjectives as gross, wanton, reckless, or wilful, but this is incorrect and has a tendency to mislead."

Also, see *Clark v Braham,* 386 Mich 53, 57 (1971); *LaCroix v Grand Trunk Western R Co,* 379 Mich 417 (1967) and *Standard Oil Co v Ogden & Moffett Co,* 242 F2d 287, 291 (1957).

While great restraint should be used in granting a directed verdict and thereby denying a determination by the jury, a careful examination of the facts in the instant case convinces us that the trial court properly directed a verdict of no cause for

action in favor of defendants Hall and Roadway Express. Even when the evidence is considered in a light most favorable to plaintiff, there is simply not a sufficient factual basis upon which the jury could have found Hall guilty of wilful and wanton misconduct. The record, if anything, would indicate that Hall did everything one could reasonably expect of him to avoid the accident. Since the jury could not have reasonably found wilful and wanton misconduct on Hall's part, the trial court properly directed the verdict in favor of the aforementioned defendants.

Plaintiff's theory of recovery against defendants Johnson was that of the doctrine of subsequent negligence or as it is more commonly known, the doctrine of "last clear chance". Defendants Johnson also moved for a directed verdict of no cause of action. The trial court granted the motion for a directed verdict on the ground that there was not sufficient evidence to establish that decedent's negligence had come to rest.

The trial court's granting of a directed verdict for the reasons given was erroneous. There was a proper evidentiary basis from which the jury could have determined that decedent's fault ceased prior to being struck by defendant Johnson. There was also a sufficient evidentiary basis from which the jury could have found that defendant Johnson was negligent in the operation of his automobile. See *Meier v Holt,* 347 Mich 430, 434–435 (1956).

While the trial court's granting of a directed verdict on the stated ground was improper, a more perplexing question now confronts us as to whether the directed verdict was nonetheless proper because of the failure of plaintiff to prove that any portion of her damages flowed from the collision by Johnson. The proofs presented in the

instant case provide no basis upon which the jury could determine whether it was the first collision or the second collision or a combination of the two collisions which caused the injury that resulted in the death of plaintiff's decedent.

Was the failure of plaintiff to produce proof that the collision with Johnson caused or contributed to the death of decedent fatal to any recovery against Johnson? The answer is "Yes". The jury may not speculate as to whether plaintiff's injuries resulted in any part from the second tortfeasor's negligence. Plaintiff has the duty to offer at least sufficient evidence from which the jury could reasonably infer that some damage flowed from the second tortfeasor's negligence. Absent such evidence the court should direct a verdict in favor of the second tortfeasor.[1] *Frye v Detroit,* 256 Mich 466 (1932); *Meier v Holt,* 347 Mich 430 (1956); *Coles v Galloway,* 7 Mich App 93 (1967).

Since there was no evidence which could raise the jury's determination of whether any damages arose out of Johnson's negligence above the level of mere speculations, a directed verdict in favor of defendants Johnson was proper. The fact that the court reached the right conclusion for the wrong reasons does not affect the outcome of the case on appeal. *Buckeye Union Fire Insurance Co v Detroit Edison Co,* 38 Mich App 325, 332 (1972).

Affirmed. Costs to defendants Roadway Express and Hall only.

All concurred.

---

[1] It must be remembered that we are here concerned with only the question of the effect of the failure to present evidence which would support the reasonable inference that some damages flowed from the second tortfeasor's act. This question should not be confused with the question of the inability to apportion liability between the tortfeasors after it has been determined that some damages arose out of the second tortfeasor's negligence. See *Maddux v Donaldson,* 362 Mich 425 (1961).