ROBERT J. ELIASSEN & SONS v CITY OF LIVONIA

1. ZONING—SUPERINTENDING CONTROL—ZONING APPEALS BOARDS—
   EVIDENCE

   A circuit court is confined to the record below and additional
   evidence cannot be offered to support a plaintiff's request for
   superintending control to compel waiver use approval of prop-
   erty where, in a zoning matter, waiver use approval was sought
   from a municipal planning commission, and denied, and the
   planning commission's findings were adopted by the city coun-
   cil; the circuit court may not consider evidence not heard by a
   zoning appeals board (MCLA 125.585).

2. APPEAL AND ERROR—ZONING—GRANTS OF WAIVER USE—PROPER
   RESULTS.

   The Court of Appeals does not reverse where independent
   grounds exist to support the result reached by the trial court
   even though the trial court did not identify and apply the
   appropriate test for granting a waiver use in a zoning case.

3. ZONING—CONSTITUTIONAL LAW—APPEAL AND ERROR—ADMINISTRA-
   TIVE LAW—EVIDENCE—SCOPE OF REVIEW.

   The Constitution requires in a zoning case that the Court of
   Appeals determine whether the action of a planning commis-
   sion and a city council were authorized by law and whether
   their action was supported by competent, material and substan-
   tial evidence on the whole record (Const 1963, art 6, § 28).

4. ZONING—WAIVER USE—BURDEN OF PROOF—EVIDENCE.

   The denial of a plaintiff's application for waiver use of property
   in a zoning case was proper because where plaintiff failed to
   carry the burden of proof to support his application, and where
   plaintiff failed to adduce affirmative evidence of compliance,
   the planning commission and city council were bound to deny

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 111 *et seq.*
  Superintending control over inferior tribunals. 112 ALR 1351.
[1–3] 58 Am Jur, Zoning § 229 *et seq.*
[4] 58 Am Jur, Zoning § 223.

the application according to the mandate of the ordinance
(Livonia City Ordinance § 11.03).

Appeal from Wayne, Roland L. Olzark, J. Sub-
mitted Division 1 June 27, 1974, at Detroit.
(Docket No. 17051.) Decided September 24, 1974.

Complaint by Robert J. Eliassen & Sons, a part-
nership, against the City of Livonia, the City Plan-
ning Commission, and the City Council, seeking an
order of superintending control compelling ap-
proval of waiver use of property for a restaurant.
Judgment for defendants. Plaintiff appeals. Af-
firmed.

*Cross, Wrock, Miller & Vieson* (by *Jonathan P.
Macks),* for plaintiff.

*Harry C. Tatigian,* City Attorney, for defend-
ants.

Before: BASHARA, P. J., and DANHOF and
CHURCHILL,* JJ.

BASHARA, P. J. Plaintiff co-partnership appeals
the denial of an order of superintending control
compelling waiver use approval for plaintiff's pro-
posed restaurant. On appeal, we affirm.

Plaintiff is a land contract vendee of a parcel of
land zoned "C-2", permitting a variety of commer-
cial uses. Restaurants are not included in that
classification; they are permitted only if specifi-
cally recommended by the Planning Commission
and approved by the Council, upon a showing of
compliance with Livonia City Ordinance § 11.03.

Plaintiff filed a petition for waiver use approval
indicating the ordinance requirements had been

* Circuit judge, sitting on the Court of Appeals by assignment.

met. At a meeting of the Planning Commission, plaintiff's petition was presented and certain questions were asked. Thereafter, the commission voted to deny approval, finding that the proposed use would adversely affect the residential character of the surrounding area, generate traffic problems, and possibly create a nuisance.

Plaintiff appealed to the City Council. Its presentation consisted of a description of commercial uses and blight in the surrounding area, followed by slides of other Livonia restaurants which demonstrated their parking and landscaping deficiencies. After brief comments and questions, the council voted to deny the proposed use, adopting the Planning Commission's findings.

Plaintiff sought an order of superintending control, or, in the alternative, a writ of mandamus compelling the waiver use approval of the property as a restaurant site. After taking testimony, the trial court recognized it was confined to the record below. *Quigley v Dexter Twp,* 390 Mich 707; 213 NW2d 166 (1973); *Lorland Civic Association v DiMatteo,* 10 Mich App 129; 157 NW2d 1 (1968). MCLA 125.585; MSA 5.2935. Additional evidence cannot be offered to support plaintiff's requested order for superintending control:

" * * * However, while parties may enter into a stipulation concerning the record on appeal, they may not, by agreement or silence, add to the record something not considered by the trier of fact or change the nature of the inquiry on appeal. The circuit court can no more consider evidence not heard by the zoning appeals board than this Court could allow appealing parties to add evidence not considered by the trier of fact to a trial court record on appeal, whether in a civil or criminal case, and whether for support or opposition to a finding of fact." *Lorland Civic Association v DiMatteo, supra,* 137–138.

Plaintiff claims that the trial court misconstrued the test required for waiver use. The court's opinion referred to the test to be applied in seeking a variance, *i.e.,* showing of hardship. Upon being informed of the mistake, the court simply substituted the words "waiver use" for "variance". Clearly, the court did not identify and apply the appropriate test for granting a waiver use. *Mitchell v Grewal,* 338 Mich 81, 88; 61 NW2d 3 (1953). *Farah v Sachs,* 10 Mich App 198; 157 NW2d 9 (1968).

However, where independent grounds exist to support the result reached by the trial court, we do not reverse. *Fessenden v Roadway Express,* 46 Mich App 276; 208 NW2d 78 (1973); *Buckeye Union Fire Insurance Co v Detroit Edison Co,* 38 Mich App 325; 196 NW2d 316 (1972). The constitution requires us to determine whether the actions of the Planning Commission and the City Council were authorized by law, and whether their action was supported by competent, material, and substantial evidence on the whole record. *Lorland, supra,* 135; *Puritan-Greenfield Improvement Association v Leo,* 7 Mich App 659, 665; 153 NW2d 162 (1967). Const 1963, art 6, § 28. We turn to plaintiff's claim that the decision was arbitrary, capricious and unreasonable because no evidence supported the denial. The ordinance required compliance with conditions described therein. Under this ordinance the burden is on the petitioner to show compliance therewith. Unless plaintiff adduced affirmative evidence of compliance, the Planning Commission and the Council were bound to deny the application according to the mandate of the ordinance. *Tireman-Joy-Chicago Improvement Association v Chernick,* 361 Mich 211; 105 NW2d 57 (1960).

Plaintiff failed to carry the burden of proof.

*Mobil Oil Corp v City of Clawson,* 36 Mich App 46; 193 NW2d 346 (1971); *Lafayette Market & Sales Co v Detroit,* 43 Mich App 129, 133; 203 NW2d 745 (1972). Here, the reasons for initial denial of the permit can be linked to the Planning Commission's perception of deficiencies in compliance. Upon appeal to the council, plaintiff had every opportunity to rebut those findings. The minutes reflect no attempt at rebuttal, nor proofs that plaintiff's assertion in the application for waiver use had any greater stature than mere allegations. No proof was offered to show traffic problems would be avoided, nor that the neighborhood's residential character would not be affected. Instead, plaintiff concentrated on disadvantages of other restaurants. On this record, we must conclude that the denial of plaintiff's application for waiver use was proper, since plaintiff failed to produce sufficient evidence.

Affirmed, no costs, a public question being involved.

All concurred.