FRANCHISE REALTY INTERSTATE CORPORATION
*v.* CITY OF DETROIT.

1. MANDAMUS—EQUITY.
Mandamus proceedings, even though filed and considered on the law side of the court, are governed by equitable principles, as the writ is one of grace and does not issue to compel performance of what is shown on due pleading and proof to be no longer a clear legal duty.

2. SAME—DETERMINATION AS OF TIME OF HEARING.
The grant or denial of a petition for mandamus is, as in equity, determinable according to germane conditions existing at the time of hearing and determination rather than at the time of institution of the proceeding.

3. SAME—CONTROLLING LAW.
The law in effect at the time of hearing and determination of a petition for mandamus controls the grant or denial thereof.

4. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—BUILDING PERMIT —DRIVE-IN RESTAURANT.
A validly enacted amendment to zoning ordinance, adopted by city subsequent to institution of mandamus proceeding to com-

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Mandamus § 33.
[2] 35 Am Jur, Mandamus § 373 *et seq.* · ′ · ·
[5] 34 Am Jur, Mandamus § 81 *et seq.*
[6] 35 Am Jur, Mandamus § 393.

pel issuance of building permit, but which would prevent the issuance of the permit for a drive-in restaurant, *held,* controlling in mandamus proceeding by purchaser of premises upon which such a structure was permitted at time of recent purchase.

5. MANDAMUS—QUESTIONS REVIEWABLE—AMENDMENT OF ZONING ORDINANCE.

Claims that amendatory ordinance had not been validly enacted, that action of city in preventing issuance of building permit for drive-in restaurant until zoning ordinance could be changed was invalid, that amendatory ordinance was not retroactive by its terms, and that the ordinance as so amended should not be construed so as to prohibit any good faith previously intended use are not concurred in by Supreme Court on appeal from denial of writ of mandamus to compel issuance of building permit for drive-in restaurant.

6. COSTS—MANDAMUS—DRIVE-IN RESTAURANT—BUILDING PERMIT—AMENDMENT OF ZONING ORDINANCE.

No costs are allowed on appeal in mandamus proceedings to compel issuance of a building permit to erect a drive-in restaurant under petition filed when such permit would have been issuable but determined after amendment of zoning ordinance making such use of the premises involved illegal.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted November 9, 1962.   (Docket No. 72, Calendar No. 49,688.)   Decided December 3, 1962.

Mandamus by Franchise Realty Interstate Corporation, an Illinois corporation, against the City of Detroit, a municipal corporation, and Heinz Gerlach, chief of its license and building permit bureau, to compel issuance of a building permit.   Writ denied. Plaintiff appeals.   Affirmed.

*Dickinson, Wright, McKean & Cudlip,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendants.

Black, J. February 9, 1961 plaintiff duly applied, to the defendant city, for a permit authorizing construction of a "drive-in" restaurant on its recently purchased parcel of Detroit property. The parcel was then zoned B2, permitting such construction and use. Some 3 weeks later the city notified plaintiff that the latter's plans, submitted with the application, required certain corrections. The corrections were made. A week or so later the city's building department advised plaintiff that no permit would be issued; that a petition to rezone such parcel had just been filed per ordinance authorizing such a petition.

The common council of the defendant city promptly resolved that a public hearing, upon the petition to rezone, be conducted April 7th next at 10 o'clock in the morning. March 31st plaintiff filed in circuit the instant petition for mandamus to compel issuance of the permit it had applied for. Hearing on order to show cause was set for April 7th, at 2 in the afternoon. April 7th, at 10 in the morning, the resolved public hearing was held. It concluded, allegedly, with announcement that a decision would be made at the regular meeting of the council to be held April 11th. However, after plaintiff and its counsel left the hearing, the council again took up the matter and voted to amend—with immediate effect—the then ordinance so as to prohibit plaintiff's intended use of such parcel. That afternoon the circuit judge, being advised of the council's action, adjourned hearing of the order to show cause. Thereafter defendants amended their answer to plaintiff's said petition so as to include the amendatory ordinance as a defense, to which amended answer plaintiff filed an amended reply.

The pleaded issues came to testimonial trial October 31, 1961, and resulted in judgment denying and dismissing plaintiff's said petition. It reviews on granted leave.

This case is a substantial duplicate of *Willingham* v. *City of Dearborn*, 359 Mich 7. There is a decisive difference, however. In *Willingham* the discretion of the trial judge was inclined against permission to amend *tarde* the pretrial statement, also the defendant city's answer, so as to include a defense manufactured by amendment of the city's zoning ordinance after the property owner's petition for mandamus had been filed. Here, the answering and replicating pleadings were duly amended so as to bring squarely before the court a like defense which, at the time of filing of plaintiff's petition for mandamus, was nonexistent. Further, in the present case, the subsequently prepared and unamended pretrial statement recites unqualified satisfaction—all around—with such amended pleadings.

The circuit court might well—of discretion and upon authority of *Willingham*—have done here what the same court did in *Willingham*. It did not do so, however, and so the presented questions are controlled by *City of Lansing* v. *Dawley*, 247 Mich 394. The *City of Lansing Case* holds that, even after issuance of permit, construction in pursuance of such permit is enjoinable when, prior to construction or fairly indicative commencement of construction, an ordinance is enacted which validity bars what was lawfully authorized by the permit.

Mandamus proceedings, even though filed and considered on the law side, are governed by equitable principles. The writ is one of grace, and does not issue to compel performance of what is shown on due pleading and proof to no longer be a clear legal duty. In this case the circuit court was duly faced with a "law," brand new yet valid for its purpose, which between the filing of plaintiff's petition and hearing thereof came to enactment prohibitory of that which plaintiff sought to compel. Since the grant or denial of a petition for mandamus is, as in equity (see

*Carlson* v. *Williams,* 348 Mich 165, 168; *Carlson* v. *Wyman,* 189 Mich 402; and *Palmer-Stevenson Construction Co.* v. *Mason Circuit Judge,* 176 Mich 326), determinable according to germane conditions existing at the time of hearing and determination rather than at the time of institution of the proceeding, it must be held upon authority of the *Dawley Case* that the law in effect at the time of hearing and determination controlled plaintiff's petition and called for denial of the writ as sought.

Plaintiff's remaining allegations of error have been duly considered. They are, respectively, that the amendatory ordinance was not validly enacted; that the action of the city "in preventing the issuance of a building permit * * * until the zoning ordinance could be changed" was invalid; that the amendatory ordinance by its terms is not "retroactive," and that the ordinance as amended should be construed so as to exclude from its prohibitory purview any good faith previously intended use. We cannot agree with plaintiff's contentions thus advanced. It follows that the circuit court's judgment should be, and therefore is, affirmed. No costs.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.