MARATHON OIL COMPANY v.
PLYMOUTH TOWNSHIP

1. CONSTITUTIONAL LAW — LEGISLATIVE BODY — DELEGATION OF AUTHORITY.

> A legislative body cannot delegate its power to make a law but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make, its own action depend.

2. ZONING—DELEGATION OF AUTHORITY—PLANNING COMMISSION.

> A city legislative body may delegate power to a planning commission to determine facts which should control the application of a zoning ordinance (MCLA § 125.271 *et seq.*).

3. PLEADINGS—ZONING—DENIAL OF PERMIT.

> An allegation that a denial of a building permit by a zoning planning commission was arbitrary must be determined on its own facts and where the facts are disputed summary judgment is improper.

4. ZONING — GASOLINE STATIONS — PLANNING COMMISSION — DISCRETION.

> A township zoning ordinance requiring approval of the township planning commission to construct a gasoline station in a commercial district is valid where the planning commission's discretion to deny permits is limited to cases where neighboring property will be adversely affected. (MCLA § 125.271 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 211, 240, 242, 250, 251.
[2, 4] 58 Am Jur, Zoning § 178.
[3] 41 Am Jur, Pleading §§ 340–343.
   58 Am Jur, Zoning § 229.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 April 10, 1970, at Detroit. (Docket No. 7,442.) Decided July 28, 1970.

Complaint by Marathon Oil Company, Frederick A. Koch, Amelia M. Koch, and Frederick A. Koch, Jr., against Township of Plymouth for denial of construction permit. Summary judgment granted for plaintiffs. Defendant appeals. Reversed and remanded.

*Robert E. Childs,* for plaintiffs.

*Ralph W. Cole,* for defendant.

Before: J. H. GILLIS, P. J. and V. J. BRENNAN and WEIPERT,* JJ.

J. H. GILLIS, P. J. The defendant township appeals a judgment of the Wayne County Circuit Court declaring a section of the township's zoning ordinance illegal, null, and void. The ordinance in question was adopted in accordance with the provisions of PA 1943, No 184 (MCLA § 125.271 *et seq.* [Stat Ann 1969 Rev § 5.2963(1) *et seq.*]). The challenged section, art 13, § 13.01(a), specifies that in C-2 commercial districts gasoline service stations constitute a permitted land use "on approval of the Township Planning Commission."

In June, 1968, plaintiffs applied for a permit to construct a service station on land located in Plymouth Township and zoned C-2. The planning commission, after a public hearing, refused to issue a permit on the ground that construction of a gas station at the proposed site would adversely affect neighboring property. This suit followed. Plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiffs immediately filed a motion for summary judgment, GCR 1963, 117.2(3), urging that they were entitled to judgment as a matter of law on the ground that the underscored provision of § 13.01 (a), quoted *supra,* constituted an unlawful delegation of legislative power.   The trial court granted plaintiffs' motion, ruling that "the Plymouth Zoning Commission lacks authority to deny a building permit for the proposed Marathon gas station."   In so ruling the trial judge considered *Clements* v. *McCabe* (1920), 210 Mich 207, controlling authority.   He accepted plaintiffs' contention, renewed on appeal, that defendant township is powerless to enact a zoning ordinance which requires approval by the township planning commission prior to the granting of a permit for construction of a gas station in a commercial district.

Plaintiffs' contention that Plymouth Township has by its ordinance unlawfully delegated legislative power cannot be sustained.   Such a view overlooks a fundamental distinction, well expressed in 8A McQuillin, Municipal Corporations (3d ed), § 25.215, p 101:

"There is a distinction between a delegation of power to legislate, which involves discretion as to what the law shall be, and a conferring of authority or discretion as to the execution of the law.   Executing the policy of a zoning ordinance is an administrative function that may be delegated to administrative officials or boards."

What was said in *Florka* v. *City of Detroit* (1963), 369 Mich 568, 574, 575, concerning the City of Detroit, likewise applies to the legislative body of the Township of Plymouth:

"The legislative body of the City of Detroit had the right to adopt reasonable regulations with refer-

ence to the carrying on of various types of business within the zones established by the ordinance. In connection with the exercise of its legislative authority it had the right to delegate to administrative officers the determination of facts which should control the application of legislative provisions. This Court in *King* v. *Concordia Fire-Insurance Co.* [1905], 140 Mich 258, 268 (6 Ann Cas 87), approved the distinction between such delegated power and legislative power declared in *Locke's Appeal* [1872], 72 Pa St 491, 498 (13 Am Rep 716), as follows:

" ' "The legislature cannot delegate its power *to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.*" ' "

Other provisions of the challenged ordinance make it clear that the planning commission, in approving or rejecting applications for permits, is empowered to execute the policies of the zoning law, rather than to make the law itself. Section 19.03 provides:

"The planning commission shall investigate the circumstances of each case and shall notify such parties, who may in its opinion be affected thereby, of the time and place of any public hearing which may be held relative thereto as required under its rules of procedure or of any public hearing required by this ordinance and shall be satisfied that the property adjacent to the area, included in the petition, will not be adversely affected    *   *   *   ."

Moreover, subsection D of § 19.03 specifically limits the planning commission's discretionary authority to approve or reject proposed construction of a gas station on commercial land. It provides:

"The planning commission may permit a gasoline service station in C–2, M–1 and M–2 district, *provided the planning commission shall find that said gasoline service station is so arranged and*

*maintained so as not to affect adversely the normal development or use of neighboring property in the same district or in an adjoining residential district* \* \* \* *."* (Emphasis supplied.)

Thus, unlimited discretion is not vested in the planning commission, for, as we read the ordinance, the commission cannot refuse a permit unless it finds that the proposed service station would adversely affect neighboring properties.

We are not asked on this appeal to determine whether the refusal of the planning commission to issue a permit constituted an abuse of discretion. Nor could we do so on the record presented. Although plaintiffs' complaint alleged that the commission's refusal was arbitrary, resolution of this issue must await completion of an evidentiary record. This question cannot be disposed of on motion for summary judgment, since an allegation of such character must be determined on its own facts. *Hitchman* v. *Township of Oakland* (1951), 329 Mich 331; *Comer* v. *City of Dearborn* (1955), 342 Mich 471.

We conclude that § 13.01(a) of defendant's township zoning ordinance constitutes a lawful delegation of administrative authority to the township planning commission; and that, in rejecting plaintiffs' application for a permit, the commission was acting pursuant to its authority so delegated. *Florka* v. *City of Detroit, supra;* and see, *Certain-Teed Products Corporation* v. *Paris Township* (1958), 351 Mich 434, 445 *(per* Mr. Justice EDWARDS). Nothing that was said in *Clements* v. *McCabe, supra,* supports the trial court's ruling to the contrary. The question in *Clements* was whether the power to zone exists independently of enabling legislation. It was held that such power did not exist in the absence of special legislation. See 210 Mich at 219. Here, defendant township's power to zone, and with that power its

right to delegate administrative functions to the planning commission, has been specifically conferred upon the township by statute. See PA 1943, No 184, cited *supra*.

The judgment is reversed and the case is remanded for proceedings consistent with this opinion. No costs, a public question being involved.

All concurred.