MOBIL OIL CORPORATION *v.* CITY OF CLAWSON

Opinion of the Court

1. Zoning—Ordinances—Special Permits—Constitutionality.

A zoning ordinance which requires a Board of Zoning Appeals to issue a special exception permit for a use otherwise not permitted if the conditions and safeguards listed in the ordinance are met is not an unlawful delegation of the legislative function.

2. Zoning—Ordinances—Amendment—Pleading.

A zoning ordinance passed subsequent to the denial of plaintiffs' application for a special exemption permit to build a gasoline station controls plaintiffs' suit for declaratory judgment and other equitable relief where the subsequent zoning ordinance, containing new standards for granting special exemptions, was properly pled by the plaintiff.

3. Zoning—Special Permits—Evidentiary Hearings—Subsequent Ordinance.

A Zoning Board of Appeals must grant a full evidentiary hearing to applicants for a special use permit under an amended zoning ordinance which provided an entirely new test for the granting of special use permits different from that in effect when the board denied the original application for the permit.

4. Zoning—Special Permits—Denial.

The record of a Board of Zoning Appeals hearing discloses material and substantial evidence supporting denial of plaintiffs' request for a special exemption permit to build a gasoline service station where letters in the record from the city

[1, 6]  58 Am Jur, Zoning § 196 *et seq.*
[2, 7]  58 Am Jur, Zoning § 182.
[3, 4]  58 Am Jur, Zoning § 218 *et seq.*
[5]  58 Am Jur, Zoning § 140.

engineer, the city manager, and the police chief state that the proposed gasoline service station would create additional traffic problems and hazards out of proportion to other uses of property in the district, and where at the hearing specific foreseeable problems were stated, pictures and accident-spot maps were shown, and reports on traffic studies related to gasoline service stations in other cities were read.

5. ZONING—SPECIAL PERMITS—VALUE OF PROPERTY—CONFISCATORY DIFFERENCE IN VALUE.

The difference in the value of property with its present permitted uses and the use contemplated if a special use permit was granted is one of the factors to be considered in determining whether a Board of Zoning Appeals denial of the special use permit was unreasonably discriminatory against the owner's right in his property; a difference in value of one of three times the present value does not approach the proportionate differences ordinarily required to be held confiscatory.

6. ZONING—DUE PROCESS—SPECIAL PERMIT.

A zoning ordinance requiring a special use permit to construct a gasoline service station is not an unreasonable and arbitrary discrimination against the use of property and a violation of due process where the zoning ordinance requires a special permit to be obtained to construct a gasoline station, the ordinance requires the showing of specific standards before issuing the permit, and plaintiff has failed to plead or prove that the city excludes all gasoline service stations.

CONCURRENCE BY O'HARA, J.

7. ZONING—SPECIAL PERMIT—DENIAL—SUBSEQUENT ORDINANCE—HEARING REQUIREMENT.

*Circuit court had no proper record to review a Board of Zoning Appeals denial of plaintiffs' request for a special use permit where the board's hearing was based on a prior ordinance and a subsequent ordinance, providing for an entirely new test, was enacted and properly pled.*

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 May 6, 1971, at Lansing. (Docket No. 9329.) Decided September 27, 1971. Leave to appeal denied, 386 Mich 791.

Complaint by the Mobil Oil Corporation and the Bryant-Nicks Company against the City of Clawson for a declaratory judgment that a zoning ordinance is unconstitutional. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Robert E. Childs,* for plaintiffs.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

McGREGOR, J . Plaintiffs brought suit August 3, 1967, in circuit court, seeking a declaratory judgment (GCR 1963, 521) and other appropriate equitable relief against defendant city, based upon defendant's refusal to grant plaintiffs a "special exception" permit to use certain premises owned by plaintiff Bryant-Nicks Company (with an option to buy held by plaintiff Mobil Oil Corporation) for a gasoline service station. After a three-day nonjury trial, judgment was entered for plaintiffs on March 31, 1970; defendant appeals as of right.

The challenged section of ordinance No. 303 specifies that in B-A districts, gasoline stations constitute a permitted land use, with permits issued by the board of zoning appeals.

Plaintiffs seek a "special exception" permit on certain lots in the City of Clawson situated on the northwest corner of the intersection of Main Street and 14 Mile Road in the heart of the city's business district. Pursuant to the procedural requirements

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

set out by defendant's zoning ordinance No. 303,[1] adopted September 7, 1965, and in force at the time of the filing of the complaint, plaintiffs requested a special exception permit to construct a gasoline service station on the property in question. The city zoning board of appeals, empowered under ordinance No. 303 (hereinafter referred to as #303) to authorize plaintiffs' request, denied said request at the end of a hearing held June 15, 1967.

Thereafter, defendant's city council amended its zoning ordinance, passing ordinance No. 339[2] in

---

[1] Zoning Ordinance No. 303, City of Clawson:

"B-A Business District

"The intent of this district is to establish areas composed of land and structures used primarily to provide retailing, parking, personal and business services of all kinds satisfying the needs of the residents of the entire community and the surrounding trade area.   To this end certain uses and activities which typically disrupt the functioning of a concentrated business district and which at the same time function better outside such district are excluded."

Section 7.2 is entitled "Permitted Principal Uses":

"2. Any retail business, whose principal activity is sale of merchandise in an enclosed building."

\*     \*     \*

Section 7.4, entitled "Uses Requiring Board of Zoning Appeals Special Exception Permit" reads:

"1. Any use having the same general character as the permitted principal uses and which is in keeping with the intent of this district.

"2. Gasoline filling stations.

"3. Outdoor sales by temporary permit for six (6) months periods or less.

\*     \*     \*

"6. The Board of Zoning Appeals, pursuant to Section 17.3 'B. Special Exceptions' has these powers:

"B. Special Exceptions:

"In special situations specifically described in this ordinance, exceptions to the general regulations are permitted to the extent that such special exceptions are specifically authorized."

[2] Zoning Ordinance No. 339, City of Clawson:

"Article XVII.   Board of Zoning Appeals

"Section 17.3.   Powers and Duties of Board of Appeals:

\*     \*     \*

"(2) Requests for Special Uses.

"The board shall hear and grant or deny all requests for permission to carry on special uses, where such uses are permitted under the zoning ordinance with board approval.   The board shall not grant any such request unless it shall first determine that:

December, 1967. Plaintiffs amended their complaint on November 26, 1969, to include an attack on that ordinance also.

Although plaintiffs in their complaint contended that the zoning ordinance in question (#303 and thereafter #339) amounted to an unconstitutional delegation of a legislative function to the zoning board of appeals, this issue was never seriously contended at trial. In any event, such a contention was entirely one of law and no proofs existed on this issue except in the pleadings. The circuit court ruled that both ordinances amounted to an unconstitutional delegation of a legislative function and cited *Osius* v. *City of St. Clair Shores* (1956), 344 Mich 693, as controlling authority.

Although the present zoning classification regarding the property in question did not encompass gasoline stations, the board of zoning appeals, pursuant to this ordinance, had the power to issue special exception permits. The ordinance, in part, reads:

"Uses requiring board of zoning appeals special exemption permit are permissible only when, in the finding of the board of zoning appeals, adequate conditions exist or can be imposed that will make such uses compatible with the purposes of this ordinance and intent and principal uses of the district.

"(a) All requirements set forth in this zoning ordinance will be complied with;

"(b) The use and any proposed structures to be utilized in connection therewith will not create any threat to the public health, safety and welfare and will not unduly aggravate any traffic problem in the area;

"(c) The proposed use will not be injurious to the surrounding neighborhood, and

"(d) The proposed use will not be contrary to the spirit and purpose of the zoning ordinance. In granting a special use the board may attach such conditions as it may deem reasonably necessary to promote the spirit and intent of the zoning ordinance."

Otherwise, such uses are prohibited uses. In issuing a special exception permit, the board of zoning appeals shall take into consideration the public health, safety, and welfare, and shall prescribe appropriate conditions and safeguards to insure the following: (1) that all proposed structures, equipment or material shall be readily accessible for fire and police protection, (2) that the proposed use shall not cause traffic congestion or movement out of proportion to that normally prevailing in the particular district, (3) that the proposed use shall provide sufficient space for the offstreet parking of all vehicles attracted by its presence and abides by the regulations set forth in this ordinance for its particular district or use, (4) that any proposed building shall not be out of harmony with the predominant type of building in the particular district by reason of its size, character, location, or intended use."

The fundamental consideration as to whether an ordinance constitutes an unlawful delegation of the legislative function was expressed in 8A McQuillan, Municipal Corporations (3rd ed), § 25.215, pp 100, 101:

"There is a distinction between the delegation of power to legislate, which involves discretion as to what the law shall be, and a conferring of authority or discretion as to the execution of the law. Executing the policy of a zoning ordinance is an administrative function that may be delegated to administrative officials or boards." Quoted with approval in *Marathon Oil Company* v. *Plymouth Township* (1970), 25 Mich App 399, 401.

In the instant case the zoning board of appeals found that the erection of a gasoline station in the proposed location would exacerbate what was already deemed to be a severe traffic problem in the

area. A reading of the ordinance does not reveal unfettered discretion in the board of zoning appeals; we read the statute to require the board to issue a permit, if the conditions and safeguards of #303 can be met.

The case of *Osius* v. *City of St. Clair Shores, supra,* is inapposite to the matter at hand. The zoning board of appeals in that case was not provided with *any* standards whatsoever regarding special exception permits. There, the court said:

"The ordinance presented is fatally defective. The zoning board of appeals is simply given authority to permit, and obviously to refuse to permit, the erection of gasoline stations after public hearings. But what standards prescribe the grant or rejection of the permission? *We find none.*" *Osius, supra,* p 700. (Emphasis supplied.)

In *Florka* v. *City of Detroit* (1963), 369 Mich 568, it was stated, in regard to the *Osius* decision, that it was based upon the failure to prescribe any standards whatever in the granting of legislative authority with reference to matters of the character here involved, in accordance with which an administrative officer or commission should ascertain and determine facts deemed vital to the exercise of delegated power.

Our reading of #303 indicates that the intent of the ordinance provision was that the zoning board of appeals should ascertain the existence or nonexistence of particular facts justifying the action taken, with reference to the approval of the use specified in the application.

Plaintiffs' amended complaint, filed November 26, 1969, attacked ordinance No. 339, contending that the amended ordinance was inapplicable to the instant request for special exception permit, but that

in the alternative it amounted to an unconstitutional delegation of legislative powers. (Defendant city council amended this ordinance on December 19, 1967.) In *Willingham* v. *City of Dearborn* (1960), 359 Mich 7, the trial judge's refusal to permit defendant city to amend its answer to include a recently-passed ordinance was upheld by a four-to-three decison. Thereafter, our Court has cited the *Willingham* case once to uphold a trial judge's decision refusing to allow a township to amend its pleadings after the trial had begun so as to reflect the recent passage of an ordinance. *Algoma Township* v. *Van Lieu* (1969), 16 Mich App 640, 642.

In *Franchise Realty Interstate Corporation* v. *City of Detroit* (1962), 368 Mich 276, a unanimous Court upheld the trial judge's exercise of discretion to grant the parties leave to amend their pleadings to include a recent zoning ordinance. In the instant action, leave was granted by the circuit court for the amendments to the pleadings to include zoning ordinance No. 339. The declaratory judgment included said ordinance.

The trial judge ruled that *Willingham* was controlling, not *Franchise Realty*. The language of *Franchise* leads us to conclude that, once ordinance No. 339 was properly pled, it became controlling (pp 279, 280):

"In this case, the circuit court was duly faced with a 'law', brand-new yet valid for its purposes, which between the filing of plaintiff's petition and hearing thereof came to enactment prohibitory of that which plaintiff sought to compel. Since the grant or denial of a petition for mandamus is, as in equity [citations omitted], determinable according to germane conditions existing at the time of hearing and determination rather than at the time of institution of proceedings and it must be held that upon author-

ity of the *Dawley* case [247 Mich 394] that the law
in effect at the time of the hearing and determina-
tion controlled plaintiff's petition and called for
denial of the writ sought."

Plaintiff's original hearing was before the zoning
board of appeals on June 15, 1967, when ordinance
No. 303 was in effect. Defendant city council passed
ordinance No. 339 on December 19, 1967. Plaintiff's
complaint, seeking declaratory judgment and cer-
tain equitable relief, was filed June 11, 1968.

It appears to this Court that plaintiffs' attack is
essentially upon the present law, and since plaintiffs
apparently seek the issuance of a special exception
permit still, in 1971, ordinance No. 339 should be
considered controlling.

The Court notes parenthetically that defendant
has contended and that plaintiffs seem to admit that
ordinance No. 339 was proposed so as to give the
zoning board of appeals of the defendant a broad
grant of administrative discretion, as has been held
valid in *Florka* v. *City of Detroit, supra*. Although
the specific standards of the previous ordinance No.
303, were actually more easily ascertainable than
those of the later ordinance, #339, the language of
#339 is couched in much the same terminology as
the ordinance upheld in *Florka*. Inasmuch as *Flor-
ka* is the present law in this state, we are compelled
to uphold this delegation of authority to the zoning
board of appeals. However, this does not mean
that the circuit court can decide this case on the
factual record already made. This, for the reason
that Mr. Justice BLACK's carefully worded opinion
that "the law in effect at the time of hearing and
determination controlled plaintiff's petition",
*Franchise, supra,* p 280, does not enable the trial
judge to apply that law to facts adduced in a prior

hearing where neither party has been able to introduce testimony or other evidence bearing upon the new and different test which the amended ordinance contains.

Section 7.4(2) of ordinance No. 303 by its terms affirmatively requires a special exemption permit for a gasoline filling station. A gasoline station is placed in a special and specific category by the terms of the ordinance. Proofs bearing upon the grant of a special exemption, and those bearing upon the issue of confiscation then must be addressed to the narrow issue of a gasoline filling station *per se.* Upon proper proof under ordinance No. 303, "exceptions to the general regulations *are permitted* to the extent that such special exceptions are specifically authorized". This is permissive.

The key words, of course, are "exceptions are permitted". The ordinance as amended is exactly the converse. Under its terms "special uses" require a different measure of proof. By its terms "The Board shall *not* grant any such request unless * * * ", and then follow four tests alphabetically designated "a" through "d".

When the ordinance was so amended, the governing test for authorizing a special use was completely changed. The situation here is not as it was in *Franchise, supra,* where the issue was the exercise of judicial discretion in granting or denying leave to amend a pleading *"tarde"*. Here, a new substantive test has been created. Consequently, the board of zoning appeals must grant a full evidentiary hearing in light of the new test.

In their amended complaint, plaintiffs also sought the circuit court to declare the record of the zoning board of appeals to be infirm. However, at trial, plaintiffs' attorney entered no proofs to show the alleged inadequacy of the record. This Court has

stated previously that all zoning cases are heard *de novo* on appeal here. *Muffeny* v. *City of Southfield* (1967), 6 Mich App 19, 24; *Raabe* v. *City of Walker* (1968), 10 Mich App 383, 389. The record in the zoning board of appeals consisted of minutes which showed that William Elliott represented the Mobil Oil Corporation at the hearing, and that Joseph Bryant, of Bryant-Nicks Company, also was present. The letters of the city engineer, the city manager, and the city chief of police were copied in full into the minutes. The crux of such letters is that the proposed gasoline service station of plaintiffs would create additional traffic problems and hazards out of proportion to the other uses of property in the district. Specific foreseeable problems were stated, pictures and accident-spot maps were shown. Mr. Elliott read reports on traffic studies related to gasoline service stations from the Detroit and Buffalo (N. Y.) police departments. Discussion was had on the matter and the request for the special exception permit was then denied by the board.

This Court does not find that the plaintiffs have any basis for their contention that the decision of the board of appeals was not supported by material and substantial evidence on the whole record. See Const 1963, art 6, § 28, and *Lorland Civic Association* v. *DiMatteo* (1968), 10 Mich App 129, 135. Specifics were stated at the hearing and were borne out by the record.[3] The judge's action in overturning the finding of the board was not warranted.

---

[3] The minutes concluded: "Therefore, be it resolved that the board of zoning appeals do hereby determine that the proposed use of a gasoline filling station at the northwest corner of Main and 14 Mile Road would worsen traffic conditions at this intersection, would substantially increase traffic problems and congestion on Main and 14 Mile Road, would be out of harmony and would disrupt the functioning of the concentrated business district in the central Clawson area * * * ."

The trial court also concluded in its opinion that the record disclosed that the plaintiff had been denied a fair hearing, an apparent due-process violation. This Court notes that defendant never had presented this issue, nor does the record bear out such assertion, and we decline to review this issue.

Plaintiffs further contend that the action of the zoning board of appeals was unreasonably discriminatory and confiscatory as to the rights of these plaintiffs. Joseph H. Bryant, representative of plaintiff Bryant-Nicks Corporation, testified that the downtown area of the City of Clawson was deteriorating, primarily because of the large number of good outlying shopping centers. He described the business in the area and noted that there was a Tulsa service station one block away, a Mobil Oil station a couple of blocks away, and a Standard station in the vicinity. Primarily, Mr. Bryant expressed concern over the difference between the value of the property as presently zoned, and its possible value if a gasoline service station were permitted. He bought the property in bits and pieces and had to pay well over the actual value of the land in order to purchase the last few pieces, paying a total of about $80,000. He testified that the present value of the land, with no service station permitted, would be about $65,000 or $75,000, which is comparable to similar land values in the district. However, if the special exception permit were granted, the value of the land would be $135,000 or $140,000. Plaintiffs' additional witness, a licensed real estate broker, had viewed the area including a Pure Oil station not far away. He testified that, in his opinion, plaintiffs' property was presently worth no more than $50,000 and that, if

a gasoline station were permitted, the value of the land would be $125,000 to $150,000.

In support of their argument, plaintiffs contend that § 7.2 of ordinance No. 303 (which section has not been amended by ordinance No. 339, § 7.2) clearly indicates the discriminatory attitude which they have faced from the outset. In the B-A districts are allowed, among other uses, offstreet parking lots, retail stores, theaters, bowling alleys, commercial garages, repair shops, eating and drinking establishments, auto washes, drive-in banks, and drive-in restaurants. A Burger King drive-in restaurant, recently built, exists in downtown Clawson, apparently in the same B-A zoned district. Yet, a gasoline service station must be granted a special exception permit.

Plaintiffs contend that such discriminatory zoning action, combined with the loss in possible value of approximately one to three times the present value, amounts to a confiscatory taking of property without due process of law.

The zoning ordinances are presumed to be valid and to authorize certain uses on lines really within the appeal board's power, as in *BraeBurn, Inc.* v. *City of Bloomfield Hills* (1957), 350 Mich 425, 431, 432. The difference in values contended here to be confiscatory does not even approach the proportionate differences ordinarily required. See *Brae-Burn, supra,* 433, 434, and *Smith* v. *Village of Wood Creek Farms* (1963), 371 Mich 127, 133. As noted in *Smith, supra,* such differences in values are only one consideration in the determination of whether the board of appeals' action was unreasonably discriminatory against plaintiffs' rights in their property.

The minutes of the, hearing before the zoning board of appeals discloses that the primary consideration was the traffic problems and traffic-related hazards which would be created by the existence of a gasoline service station on the property in question. The procedure employed appears to reflect a valid government interest, based upon police power. We agree that such discrimination, if any, is quite reasonable and legal, and that evidence of disparity in land values presented on behalf of the plaintiffs, standing alone, is not enough proof upon which to base the findings of confiscatory taking in this case.

Plaintiffs contend, on appeal, that the effect of defendant's zoning ordinance is to exclude all gasoline service stations from the City of Clawson, thus being tantamount to an unreasonable and arbitrary discrimination against the use of property, and that such ordinances should be voided by the due process clause of the 14th Amendment. Nowhere in the pleadings was it contended that the defendant city excludes all gasoline stations. Nowhere in the trial testimony was proof offered to support such an allegation. During closing argument, plaintiffs' counsel mentioned that no service stations are permitted in the City of Clawson, except through the special exception permit procedure.

The trial court apparently agreed that this meant that a reasonable use of private property (*viz.,* gasoline service stations) was denied throughout the city. The trial court noted that gasoline service stations create no greater traffic problems than any other business establishments which attract customers driving automobiles, that the actual traffic conditions in the City of Clawson make its regulation unreasonable, and that gasoline stations are discriminated against, primarily for esthetic reasons. He

states that defendant's ordinances prohibit gasoline service stations from the city.

The Court finds that this is not a case where a city is adopting an ordinance with only one zoning district, as in *Gundersen* v. *Village of Bingham Farms* (1964), 372 Mich 352, nor is it a case where a legitimate business use of property has been flatly excluded on the face of the ordinance, as in *Gust* v. *Township of Canton* (1955), 342 Mich 436, and *Bzovi* v. *City of Livonia* (1957), 350 Mich 489. Rather, a special showing is required as a condition precedent to the granting of a permit, as in *Marathon Oil Company* v. *Plymouth Township* (1970), 25 Mich App 399. This would appear to be permissible, again, so long as standards were provided to the zoning board of appeals.

The judgment of the trial court is reversed and the cause is remanded to the board of zoning appeals for a full evidentiary hearing in light of the new test. No costs, a public question being involved.

BRONSON, J., concurred.

O'HARA, J. (*concurring*). I concur in the result reached by Judge McGREGOR on the specific ground that ordinance No. 339, pleaded by amendment to the complaint, created a new substantive test for "special uses". No proceedings under *that* ordinance have been had before the zoning appeal board. Hence, there was no proper record for the circuit court to review judicially. I too would remand to the zoning appeal board for hearing. I express no view as to the other issues discussed since I regard the necessity of remand for the reason above specified as controlling.