## KING v DIRECTOR OF THE MIDLAND COUNTY DEPARTMENT
## OF SOCIAL SERVICES

1. STATUTES—AMBIGUITIES—JUDICIAL CONSTRUCTION—LEGISLATIVE PURPOSE—OBJECT OF STATUTE.

   A statute which is ambiguous or susceptible to two or more interpretations is open to judicial construction and should be reasonably construed in light of the legislative purpose of the statute and the object sought to be accomplished.

2. STATUTES—CONSTRUCTION—CONSTRUCTION OF ENTIRE ACT.

   An act must be read in its entirety and the meaning given to one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole.

3. STATUTES—CONSTRUCTION—ABSURD CONSEQUENCES.

   The avoidance of absurd consequences is an objective in the judicial construction of a statute.

4. STATUTES—CONSTRUCTION OF STATUTES—WORDS AND PHRASES—DEFINITIONS—"SHALL".

   Use of the term "shall" in a statute means that the statute is mandatory, unless other considerations compel a contrary conclusion.

5. SOCIAL SECURITY AND PUBLIC WELFARE—COUNTIES—GENERAL ASSISTANCE PROGRAMS—SOCIAL WELFARE ACT—STATUTES.

   A county must maintain a general assistance program; such conclusion results from consideration of the stated purpose of the Social Welfare Act and the language of the statute regard-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 194.
[2] 73 Am Jur 2d, Statutes § 142 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 265, 306.
[4] 73 Am Jur 2d, Statutes §§ 22, 25.
[5–9] 79 Am Jur 2d, Welfare Law §§ 3, 45.
[6–9] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 194, 199 *et seq.*

ing the duties of county departments of social services (MCLA 400.1 *et seq.;* MSA 16.401 *et seq.).*

6. SOCIAL SECURITY AND PUBLIC WELFARE—COUNTIES—GENERAL ASSISTANCE PROGRAMS—APPROPRIATION OF FUNDS—INSUFFICIENT APPROPRIATION—STATUTES.

A county must appropriate such funds as are necessary to maintain its mandatory general assistance program and cannot discontinue or suspend payments to qualified recipients because such appropriation was insufficient (MCLA 400.55, 400.70; MSA 16.455, 16.470).

7. SOCIAL SECURITY AND PUBLIC WELFARE—COUNTIES—GENERAL ASSISTANCE PROGRAMS—MANDATORY SERVICES—DISCRETIONARY SERVICES.

It is not within the discretion of a county board of commissioners to appropriate less than sufficient funds to maintain its mandatory general assistance program; the board may determine what appropriation of funds, if any, should be made to provide for discretionary welfare services within the county.

8. SOCIAL SECURITY AND PUBLIC WELFARE—STATE DEPARTMENTS—MINIMUM LEVELS—COUNTIES—GENERAL PUBLIC RELIEF—COUNTY BOARD OF COMMISSIONERS—DISCRETIONARY BENEFITS—STATUTES.

The state department establishes the minimum benefit levels for general public relief benefits; however, a county board of commissioners can, within its discretion, appropriate sufficient funds to provide benefits at a higher level than that set by the state department (MCLA 400.24; MSA 16.424).

9. SOCIAL SECURITY AND PUBLIC WELFARE—COUNTIES—ADMINISTRATION OF PROGRAMS—BOARD OF SUPERVISORS—STATUTES.

The amount of money to be spent administering the various welfare programs in a county is within the discretion of the county's board of supervisors (MCLA 400.70; MSA 16.470).

Appeal from Midland, James R. Rood, J. Submitted October 12, 1976, at Lansing. (Docket No. 27423.) Decided January 6, 1977.

Complaint by Fietta King, Timothy Davis, Larry Holmes, Anna McClary, Laurence Moon, and others against H. M. Meredith, Director of the Midland County Department of Social Services, and

others, seeking declaratory and injunctive relief and repayment of suspended general assistance benefits. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

Legal Services of Eastern Michigan (by *Edward J. Hoort),* for plaintiffs.

*Edward G. Durance,* Prosecuting Attorney, and *Richard L. Lee, Jr.,* Assistant Prosecuting Attorney, for defendants.

Before: D. F. WALSH, P. J., and ALLEN and L. W. CORKIN,*JJ.

D. F. WALSH, P. J. Plaintiffs filed their complaint in the Midland County Circuit Court seeking declaratory and injunctive relief and repayment of suspended benefits to eligible recipients of general assistance under the Midland County social welfare program.[1] They appeal from a judgment denying relief.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] As to the Midland County Department of Social Services plaintiffs sought: (1) a temporary restraining order; and (2) preliminary and permanent injunctions restraining the department from terminating general assistance without notice and hearing and from terminating or refusing general relief for any reason other than those permitted by statute or the department's policies; (3) a declaratory judgment finding that the department had a mandatory obligation to restore as recipients all those adversely affected by the suspension of benefits and to repay all benefits wrongfully withheld; and (4) a writ of mandamus directing the restoration of plaintiffs' names to the rolls of welfare recipients and the repayment of benefits withheld. Against the board of commissioners plaintiffs requested: (1) a temporary restraining order; and (2) preliminary and permanent injunctions preventing the board from refusing to fund the general assistance program adequately; and (3) a declaratory judgment finding the board obligated to fund the program sufficiently and to appropriate funds necessary to repay all benefits wrongfully withheld.

The Social Welfare Act was amended by 1975 PA 237 which took effect December 1, 1975. Pursuant to the amendment, the duty of county departments of social services to administer general relief programs was transferred to the Michigan Department of Social Services at the commencement of the first county fiscal year following

The relevant facts are these: The Midland County Board of Commissioners adopted a budget for 1975 which allocated $306,000 to the social services fund. The money was to be spent on direct relief as well as for the administration and maintenance of Pinecrest, a county facility. On September 22, 1975, only $36,000 remained in the fund. The social services department decided to retain $32,000 to continue operating Pinecrest for the

the effective date of the amendment. MCLA 400.14(2); MSA 16.414(2). A schedule was included in the amendment which provides for the eventual financing of general relief programs entirely with state revenues. MCLA 400.18(2)(3); MSA 16.418(2)(3).

While the act as amended is inapplicable to the period in question, it alters slightly the availability of the relief requested by plaintiffs. On January 6, 1975, the date of the lower court's opinion, plaintiffs were no longer entitled to injunctive relief as against the county department of social services: the question of manner in which the general assistance program would be administered by the department in the future was then moot. *See Johnson v Muskegon Heights,* 330 Mich 631; 48 NW2d 194 (1951). As to the board of commissioners, however, injunctive relief was still possible as the board, under the act as amended, still retained an obligation to fund a general relief program, albeit to a diminishing degree. MCLA 400.18(3); MSA 16.418(3).

The scope of a possible writ of mandamus was also reduced by the enactment of 1975 PA 237. The writ sought would have directed the department to restore as general assistance recipients all those adversely effected by its conduct and to repay all benefits wrongfully withheld.

"Mandamus proceedings, even though filed and considered on the law side, are governed by equitable principles. The writ is one of grace, and does not issue to compel performance of what is shown on due pleading and proof to no longer be a clear legal duty. * * * Since the grant or denial of a petition for mandamus is, as in equity * * * determinable according to germane conditions existing at the time of hearing and determination rather than at the time of institution of the proceeding, it must be held * * * that the law in effect at the time of hearing and determination controlled plaintiff's petition and called for denial of the writ as sought." *Franchise Realty Interstate Corp v Detroit,* 368 Mich 276, 279–280; 118 NW2d 258, 259 (1962). *Accord, Wolverine Golf Club v Secretary of State,* 384 Mich 461; 185 NW2d 392 (1971), *Mobil Oil Corp v City of Clawson,* 36 Mich App 46; 193 NW2d 346 (1971). As the county was no longer administering the general assistance program at the time of the lower court's opinion, a writ of mandamus directing the department to restore as recipients all those adversely effected by suspension of benefits would have been inappropriate. 1975 PA 237, of course, did not operate retroactively to alter the department's duties during the period in question.

remainder of the year and to allocate the remaining $4,000 for emergency medical care. All general assistance payments were suspended as of September 22, 1975.[2]

On November 13, 1975, plaintiffs filed suit in Midland County Circuit Court alleging that the Midland County Department of Social Services was required under the Social Welfare Act[3] to provide general assistance to persons in need or to those permanently or temporarily ineligible for categorical assistance and that payments could not be terminated or suspended because the funds appropriated to maintain the general assistance program were insufficient. The trial court held that while the board of commissioners is required to appropriate funds to maintain welfare services, the amount of the appropriation is within its discretion, subject to judicial review for abuse.

At issue is the proper interpretation of § 70 of the Social Welfare Act, MCLA 400.70; MSA 16.470, which provides, in relevant part:

"The county board of supervisors shall, within its discretion, make such appropriations as are necessary to maintain the various welfare services within the county, as provided in this act, and to defray the cost of administration of these services."

Plaintiffs contend that § 70, when read in conjunction with the remainder of the act, mandates

[2] Notice of the suspension of general assistance was posted in the department's office. Some, but not all, recipients of direct relief were notified by letter. The notices which were sent, however, contained no advice as to the availability of a presuspension administrative hearing.

The board of commissioners subsequently appropriated an additional $51,200 to the social services fund, permitting general assistance payments to resume on approximately October 31, 1975, and to continue through the balance of the year.

[3] MCLA 400.1, *et seq.;* MSA 16.401, *et seq.*

that the board of commissioners appropriate sufficient funds to maintain the general assistance program, and that general assistance payments cannot be suspended or terminated because the appropriation was insufficient. Defendants admit that they are required under the act to administer a general welfare program and that the board of commissioners is required to appropriate funds for social welfare programs including general assistance. Defendants argue, however, that § 70 places the amount of such appropriations within the board's discretion.

A statute may be judicially construed if the language used is ambiguous or the statute is susceptible of two or more meanings. *Royal Oak School Dist v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976). The primary rule of statutory construction is to determine and effectuate the Legislature's intent. *Williams v Secretary of State,* 338 Mich 202; 60 NW2d 910 (1953), *Chesapeake & Ohio R Co v Public Service Commission,* 59 Mich App 88; 228 NW2d 843 (1975). Toward that end, statutory language should be given a reasonable construction considering the purpose of the statute and the object sought to be accomplished. *Schoolcraft County Board of Commissioners v Schoolcraft Memorial Hospital Board of Trustees,* 68 Mich App 654; 243 NW2d 708 (1976), *Royal Oak School Dist v Schulman, supra.* An act must be read in its entirety and the meaning given to one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. *Williams v Secretary of State, supra, Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976). Statutes are to be construed so as to avoid absurd consequences. *Williams v Secretary of State, supra, State Farm*

*Mutual Automobile Insurance Co v Kurylowicz,* 67 Mich App 568; 242 NW2d 530 (1976).

The preamble to 1939 PA 280, which established the Social Welfare Act, lists among the purposes of the act the protection of the welfare of the people of Michigan and the provision of general relief to poor and unfortunate persons. The act creates county departments of social services, MCLA 400.45(1), MSA 16.445(1), whose duties are defined in MCLA 400.55; MSA 16.455, which states in part:

"The county department *shall* administer a public welfare program, as follows:

"(a) To grant general relief * * * to any person domiciled in the county who has a legal settlement in the state." (Emphasis supplied.)

Generally, unless other considerations compel a contrary conclusion, the use of the word "shall" means that the statute is mandatory. *Township of Southfield v Drainage Board For Twelve Towns Relief Drains,* 357 Mich 59; 97 NW2d 821 (1959), *Lundberg v Corrections Commission,* 57 Mich App 327; 225 NW2d 752 (1975).

The language of the statute and the stated purpose of the act leads unalterably to the conclusion that it is mandatory for the county to maintain the general assistance program. *Evans v Department of Social Services,* 22 Mich App 633; 178 NW2d 173 (1970). Indeed the language of § 70 itself is mandatory in form: "The county board of supervisors *shall* * * * make such appropriations *as are necessary* to maintain * * * welfare services * * * and to defray the cost of administration of these services".

It is within the context of the mandatory language of § 55, the mandatory language of § 70 and

the stated purposes of the act that we must find meaning for the phrase "within its discretion" with which the Legislature saw fit to qualify the county board of commissioners' duty to appropriate the funds necessary to maintain and administer county social welfare programs.

Considered within that context the qualifying phrase cannot be interpreted to mean, as the defendant contends, that the amount of the required appropriation is completely within the discretion of the board of commissioners. Such an interpretation would render the mandatory language of §§ 55 and 70 meaningless. If the amount of the appropriation was completely within the discretion of the board, the board could relieve itself of its responsibility of maintaining the general assistance program simply by appropriating insufficient funds.

The statute, however, requires that the county maintain the general assistance program, MCLA 400.55; MSA 16.455, and it requires that the county appropriate such funds as are necessary to do so, MCLA 400.70; MSA 16.470. It cannot, therefore, discontinue or suspend payments to qualified recipients of the general assistance program, as it did in this case, because its original appropriation was insufficient.[4]

---

[4] The trial court's concern that the taxing power of the county could be entirely exhausted by requiring continued benefits was apparently considered by the Legislature and provided for. MCLA 400.18; MSA 16.418, prior to its amendment by 1975 PA 237, provided:

"Whenever any county, district or city department share of general relief expenditures equals 1 mill of the state equalized valuation, the state shall distribute funds for 100% of the general relief costs in excess of 1 mill. * * * Whenever any county, district or city department share of general relief expenditures exceeds 1 mill of the state equalized valuation, or did exceed 1 mill in the prior fiscal year, administrative costs for such county shall be subject to the review and approval of the state department and the county department of social welfare shall make no change in its policy or administrative

Our interpretation of § 70 does not render nugatory the words "within its discretion". Although it is not within the discretion of the board to appropriate less funds than would be sufficient to maintain the mandatory general assistance program, it is within the discretion of the board to determine what appropriation, if any, should be made to provide for discretionary welfare services within the county. For example, MCLA 400.55; MSA 16.455, provides that general relief "may" also be granted to a person who has a legal settlement in the state but no domicile in the county, and in a temporary emergency, general relief "may" also be given to indigents with no settlement in the state.[5] MCLA 400.49; MSA 16.449 permits county commissioners to provide a salary to the county director of social services in addition to that provided by the State Civil Service Commission. MCLA 400.24; MSA 16.424 allows the state department to set *minimum* benefit levels. The county board, however, can, within its discretion, appropriate sufficient funds to provide benefits at higher levels than those set by the state.[6] Also within the board's discretion is the amount of money to be spent administering the various programs. MCLA 400.70; MSA 16.470.

From the foregoing we conclude that, although § 70 of the Social Welfare Act permits the board of commissioners to exercise its discretion in deter-

---

plan as would substantially affect its expenditures without the approval of the state department."

Thus, the possible disaster envisioned by the lower court is illusory.

[5] The term "may" generally denotes a discretionary provision. *Law Department Employees Union v City of Flint,* 64 Mich App 359; 235 NW2d 783 (1975).

[6] The ability of the county to provide benefits in addition to those distributed by the state is expressly recognized in the Social Welfare Act as amended by 1975 PA 237. MCLA 400.24; MSA 16.424.

mining the amount of the appropriation necessary to maintain and administer county welfare services, it does not permit the board to appropriate less funds than are sufficient to maintain the mandatory general assistance program.[7] It follows, therefore, that the Midland County Department of Social Services did not have the right to suspend general assistance payments to eligible recipients as they did in this case.

A writ of mandamus, directing the payment of back benefits for the approximate five week period of suspension, may issue. *Lundberg v Corrections Commission, supra.* See *Wayne County Jail Inmates v Wayne County Sheriff,* 391 Mich 359; 216 NW2d 910 (1974).

Reversed and remanded for proceedings consistent with this opinion.

No costs, a public question.

---

[7] This is not to say that a county board of commissioners faced with budget deficits could not in any case reduce the level of general assistance benefits at least to the minimum levels set by the state. Nor is this opinion to be understood to restrict whatever authority the state may have to reduce welfare benefits. We make no ruling as to what, if any, due process requirements there may be prior to such reductions.