MICHIGAN DENTAL ASSISTANTS ASSOCIATION v STATE
BOARD OF DENTISTRY

Docket No. 78-1123. Submitted December 11, 1978, at Lansing.—
Decided April 2, 1979.

The Michigan Dental Assistants Association and others brought
an action in the Court of Appeals seeking mandamus to compel
the Michigan State Board of Dentistry and others to promul-
gate rules for the training and education of dental assistants,
licensed dental assistants and dental hygienists under an
amendment to the act regulating dentistry. The Court of Ap-
peals dismissed the action, whereupon the plaintiffs filed an
application for leave to appeal to the Michigan Supreme Court.

In lieu of granting leave to appeal, the Supreme Court
remanded the action to Ingham Circuit Court to afford the
Michigan State Board of Dentistry the opportunity to promptly
complete and promulgate such rules. 399 Mich 886 (1977). The
Board of Dentistry filed the rules with the Secretary of State's
office and they were officially considered promulgated on Febru-
ary 23, 1978.

The plaintiffs then brought an action in Ingham Circuit Court
alleging that the Board of Dentistry had failed to complete the
Supreme Court order in that the rules failed to provide for
training and accreditation of office-trained dental assistants.

The Ingham Circuit Court, Ray C. Hotchkiss, J., ordered the
Board of Dentistry to adopt rules governing the training and
accreditation of dental assistants. The defendants appeal. *Held:*

The functions of dental assistants are limited, with supervi-
sion clearly defined by statute. The amendment to the dentistry
act did not contemplate education or training for persons who
assist in rendering care under the direct supervision of a
licensed dentist. The Board of Dentistry has fully complied with
the Supreme Court order.

The circuit court order is reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 20.
[2] 73 Am Jur 2d, Statutes §§ 272, 275.

1. LICENSES — DENTISTS — LICENSED DENTAL ASSISTANTS — DENTAL HYGIENISTS — DENTAL ASSISTANTS — TRAINING — CERTIFICATION PROCEDURE — STATUTES.

The statutory scheme for the training and accreditation of personnel assisting dentists sets forth the requisite training, certification and accreditation for "licensed dental assistants" and "dental hygienists" but does not require training for "dental assistants" (persons who assist in rendering care under the direct supervision of licensed dentists); therefore, the State Board of Dentistry is not required to establish a certification procedure for office-trained dental assistants (MCL 338.209a; MSA 14.629[9a]).

2. STATUTES — STATUTORY CONSTRUCTION — LEGISLATIVE INTENT.

A most fundamental rule of statutory construction is that statutory language be given a reasonable construction in order to implement the Legislature's intent.

*Harris, Lax & Gregg* (by *Maxine Boord Virtue),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Howard C. Manderosian,* Assistant Attorney General, for defendants.

Amicus Curiae: *Clark, Klein, Winter, Parsons & Prewitt* (by *H. William Butler* and *L. A. Hynds),* for Michigan Dental Association.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. In December of 1973, the Michigan Legislature amended the act regulating dentistry, MCL 338.201, *et seq.;* MSA 14.629(1), *et seq.,* by adding § 9a, MCL 338.209a; MSA 14.629(9a), relating to dental assistants, dental hygienists and others. Pursuant to § 9a(3), defendant, the Michigan State Board of Dentistry (hereafter, the Board) was required to prescribe rules

for the training and education of personnel covered under § 9a.

In February of 1976, plaintiffs, Michigan Dental Assistants Association, et al., filed a writ of mandamus in the Court of Appeals seeking to compel the Board to promulgate rules pursuant to § 9a. This Court dismissed the action, whereupon application for leave to appeal was filed with the Michigan Supreme Court. In April of 1977, the Supreme Court in lieu of granting leave to appeal ordered:

"[T]hat this action in the nature of mandamus be remanded to the Ingham Circuit Court to afford the Michigan State Board of Dentistry the opportunity to promptly complete and promulgate rules and procedures for training, certifying and delineating the duties of dental assistants. Upon that board's failure to do so, complainants may propose such rules and procedures to the circuit court and the board shall be required to show cause why such proposed rules should not be adopted." 399 Mich 886 (1977).

At the time of entry of the above order the Board was engaged in the process of promulgating the rules in question pursuant to the Administrative Procedures Act, MCL 24.201, *et seq.;* MSA 3.560(101) *et seq.* A public hearing was held June 16, 1977, and the rules were certified by the legislative service bureau on October 27, 1977, as required by § 45 of the Administrative Procedures Act, MCL 24.245; MSA 3.560(145). The rules were certified by the joint committee on administrative rules on December 13, 1977. The rules were filed with the Secretary of State's Office on February 8, 1978, and were officially considered promulgated on February 23, 1978. See 1978 AACS R 338.4101-R 338.4698.

Plaintiffs then filed an action in Ingham County

Circuit Court contending that the Board had failed to comply with the above Supreme Court order since the promulgated rules did not fully implement § 9a. The plaintiffs allege that the rules failed to provide for training and accreditation of office-trained dental assistants, described in § 9a(1), and thus did not discharge the Board's duties under the act and according to the Supreme Court order.

In a February 27, 1978, order Ingham County Circuit Court Judge Ray C. Hotchkiss concluded in part:

"The Michigan State Board of Dentistry SHALL BE AND HEREBY IS ORDERED to adopt rules governing the training and accreditation of dental assistants not included in current rules, specifically including office-trained dental assistants, either by adopting the rules suggested and proposed by Plaintiffs-Appellants and placed of record in this cause, or, alternatively, by adopting other rules which will indicate the training and accreditation required for office-trained dental assistants."

It is from this order that defendants appeal.

The case at bar concerns the interpretation of § 9a of the dentistry act, *supra,* which provides in pertinent part:

"Sec. 9a. (1) A person may assist in rendering dental care to a patient under the supervision of a licensed dentist, excluding the diagnosing or prescribing for a disease, pain, deformity, deficiency, injury or physical condition, or the cutting of the human teeth, alveolar process, gums, jaws or attendant tissue, the removal of accretion and stains including calcareous deposits, deep scaling, root planing, restoration of hard or soft tissue and the independent administration of anesthesia, analgesia or acupuncture and other procedures prohibited by rules promulgated by the board. The provisions of

this subsection shall become effective upon promulgation of the rules by the board.

"(2) A licensed dentist *may delegate* certain dental procedures *prohibited by subsection (1)* which the board finds would not jeopardize the dental health of the patient *to a person authorized by a certificate of the board to perform such procedures* except that the removal of calcareous deposits, deep scaling, or root planing shall not be delegated to a person other than a dental hygienist. *The certificate shall be issued to a person who has satisfactorily completed a program designed to train him to perform these procedures in a school approved by the board and who has passed an examination that may be given by the board.* If a program of training for dental hygienists provided for in section 9 qualifies a dental hygienist to perform any of the functions which the board authorizes a person to perform under this subsection, the board shall authorize and grant a certificate to a dental hygienist to perform those functions without further training.

"(3) The board shall prescribe by rules * * * the training and education required to qualify for authorization to perform the procedures for which the applicant may apply. The board may prescribe which procedures shall be under the supervision and which shall be under the direction of a licensed dentist. If a person who has been issued a certificate to perform certain delegated procedures applies for authorization to perform additional delegated procedures, the board shall determine what additional training shall be satisfactorily completed for an expanded certificate." MCL 338.209a; MSA 14.629(9a). (Emphasis added.)

The rules as promulgated by the Board are comprehensive and quite detailed with repetition here unnecessary. However, a summary of the rules as they apply to this controversy is in order.

Under the rules, personnel performing the procedures under § 9a(1) are described as "dental assistants". Their functions are quite limited with supervision clearly defined. The personnel per-

forming the procedures under § 9a(2) are described as "licensed dental assistant" and "dental hygienists". Each respectively perform wider functions (in relation to "dental assistant") with less supervision. The rules set forth the requisite training, certification and accreditation for "licensed dental assistants" and "dental hygienists". However, no formal training of "dental assistants" is necessary to perform the procedures allowed under § 9a(1). It is this latter deficiency which plaintiffs contend constitutes nonconformance with the Supreme Court order. We disagree.

The rules as established by the Board are in accordance with the subject statutory scheme. Section 9a(1) does not express any requirement for education or training for persons who assist in rendering care under the direct supervision of a licensed dentist. Sections 9a(2) and 9a(3) contemplate certification by the State Board of Dentistry for persons to perform duties designated by licensed dentists. These duties would otherwise be prohibited under § 9a(1).

Had the Legislature intended to require training and accreditation for all personnel assisting dentists, it could have expressed its intention. However, § 9a does not express such an all-embracing requirement. Instead, the Legislature expressed its intention that assistants performing limited functions under § 9a(1) need not obtain certificates indicating they had completed specialized training and education.

To hold, as plaintiffs argue, that the Supreme Court order required the Board to establish a certification procedure for office-trained dental assistants would be contrary to the most fundamental rule of statutory construction, that statutory language be given a reasonable construction in

order to implement the Legislature's intent. *King v Director of the Midland County Dep't of Social Services,* 73 Mich App 253; 251 NW2d 270 (1977). While the statutory language here is somewhat involved, its meaning is clear. The circuit court erroneously concluded that the Supreme Court's order required the Board to promulgate rules prescribing training and certification for the persons described in § 9a(1) of the dentistry act.

We hold that the Board has fully complied with the Supreme Court order of April 22, 1977, and with the requirements under § 9a regarding the promulgation of the rules in question.

The lower court order is reversed. We retain no further jurisdiction. No costs, a public question being involved.